# EXHIBIT A

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br>**1782CV00781** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|
| CASE NAME:<br>**Sebastiano Petare vs. Babson College et al** | | Walter F. Timilty, Clerk of Courts |
| To:<br>**Babson College** | | COURT NAME & ADDRESS<br>Norfolk County Superior Court<br>650 High Street<br>Dedham, MA 02026 |

To the above named defendant(s):

You are hereby summoned and required to serve upon:

      **Cynthia E. MacCausland, Esq.**
      **Law Offices of Cynthia E MacCausland**
      **Chestnut Green**
      **470 Washington St. Suite 30**
      **Norwood, MA 02062**

      an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

      Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

                    **Date:** 06/29/2017

                    **Time:** 02:00 PM

                **Event:** Hearing on Preliminary Injunction

      **Session Location:** Civil A / DED-1st FL, CR 10 (SC)

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>06/21/2017 | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Judith Fabricant** | ASSOCIATE JUSTICE<br>**Hon. Thomas A Connors** | |
|---|---|---|---|

| RETURN OF SERVICE |
|---|

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

     X

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1782CV00781 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| **CASE NAME:** Sebastiano Patane vs. Babson College et al | | Walter F. Timilty, Clerk of Courts |
| TO: Cynthia E. MacCausland, Esq. Law Offices of Cynthia E MacCausland Chestnut Green 470 Washington St. Suite 30 Norwood, MA 02062 | | **COURT NAME & ADDRESS** Norfolk County Superior Court 650 High Street Dedham, MA 02026 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

#### STAGES OF LITIGATION         DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 09/19/2017 | |
| Response to the complaint filed (also see MRCP 12) | | 10/19/2017 | |
| All motions under MRCP 12, 19, and 20 | 10/19/2017 | 11/20/2017 | 12/18/2017 |
| All motions under MRCP 15 | 10/19/2017 | 11/20/2017 | 12/18/2017 |
| All discovery requests **and depositions** served and non-expert despositions completed | 04/17/2018 | | |
| All motions under MRCP 56 | 05/17/2018 | 06/18/2018 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/15/2018 |
| Case shall be resolved and judgment shall issue by | | | 06/21/2019 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 06/21/2017 | ASSISTANT CLERK | PHONE |
|---|---|---|

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

Norfolk, Division                                            Docket No.

SEBASTIANO PATANE

                    Plaintiff

        v.

BABSON COLLEGE,
WILL LAMB, DEAN OF GRADUATE SCHOOL

                    Defendants


**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

NOW COMES Plaintiff Sebastian Patane ("Plaintiff"), by his attorney, and moves

pursuant to Massachusetts Civil Procedure Rule 65 for entry of a preliminary injunction against

Defendants to restore Plaintiff as a student in good standing.

In support of this motion, Plaintiff states as follows:

1.  Plaintiff has a reasonable likelihood of prevailing on his claims of Breach of

    Contract, Interference with Contract and Business Advantage, Negligent Infliction of

    Emotional Distress, and Violation of the Americans with Disabilities Act (ADA).

2.  Plaintiff will suffer irreparable harm without the granting of a preliminary injunction

    because he will be denied the opportunity to complete his final credits at Defendant

    Babson College and will be further denied the opportunity to accept professional

    employment.

1/2

3.  The irreparable harm Plaintiff will suffer is greater than any harm to Defendants if relief is granted.

4.  Restoring Plaintiff's status as a student in good standing at Babson College is in the public interest.

5.  Concurrently with the filing of this Motion, Plaintiff submits his Memorandum of Points and Authorities in Support of Motion For Preliminary Injunction.

Respectfully submitted,

Sebastiano Patane
By his attorney,

**Cynthia E. MacCausland, Esq.**
BBO # 676990
Law Offices of Cynthia E. MacCausland
470 Washington Street
Norwood, MA 02062
Tel: 617.284.3804

Dated: 6/21/17

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

Norfolk, Division                                                   Docket No.

_____

SEBASTIANO PATANE

                    Plaintiff

        v.

BABSON COLLEGE,
WILL LAMB, DEAN OF GRADUATE SCHOOL

_____Defendants_____

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S**

**MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff submits this memorandum in support of his motion for temporary reinstatement as a graduate student in good standing at Babson College pending the outcome of this litigation.


*ARGUMENT*

### 1.   THE STANDARDS FOR PRELIMINARY INJUNCTION RELIEF ARE FULLY MET IN THIS CASE.

When presented with a motion for preliminary injunction, "[t]he task for the motion judge is to balance the risk of irreparable harm to the plaintiff and defendant 'in light of [each] party's chance of success on the merits' at trial." Planned Parenthood League of Massachusetts, Inc. v. Operation Rescue, 406 Mass. 701, 710 (1990)(quoting Packaging Indus., Inc. v. Cheney,

380 Mass. 609, 616-17 (1980)). A court faced with a request for a preliminary injunction should weigh the potential harm to the plaintiff and her likelihood of success on the merits against any irreparable harm that might ensue if the injunction were granted. Commonwealth v. Massachusetts CRINC, 392 Mass. 79, 87-88 (1984).

In ruling on a request for a preliminary injunction, the court must seek to minimize the risk of irreparable harm. If the moving party can demonstrate that the requested relief is necessary to prevent irreparable harm to it and that granting the injunction poses no substantial risk of such harm to the opposing party, a substantial possibility of success on the merits warrants issuance of the injunction. Packaging Indus., Inc. v. Cheney, 380 Mass. at 617.

For the reasons set forth below, Plaintiff has a very strong likelihood of success on the merits of her claims claims of Breach of Contract, Interference with Contract and Business Advantage, Negligent Infliction of Emotional Distress, and violation of the American Disabilities Act. The Plaintiffs will face immediate and irreparable harm if preliminary relief is not granted and there is no substantial risk of irreparable harm to Babson College if relief is granted.


## 2.   THE PLAINTIFF HAS A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS OF HER CLAIMS.

Defendants flagrantly violated multiple provisions of the Graduate Student Handbook including provisions related to providing an appeal of Plaintiff's dismissal. Defendants also failed to fully provide reasonable accommodations for Plaintiff's medical condition and failed to provide sufficient direction, guidance and consultation to professors and faculty members to ensure Plaintiff full received the approved accommodations.

2/4

Defendant was fully aware of Plaintiff's medical condition and suggested accommodations.

Defendant willfully ignored the suggestion of Plaintiff's physician to provide flexibility as to the scheduling and timing of exams.  Defendant failed to investigate or consider additional accommodations based on documentation provided by Plaintiff along with Plaintiff's difficulty in maintaining class participation, engagement, and attendance.

Defendant failed to take reasonable and appropriate actions to accommodate Plaintiff despite knowledge and recognition of Plaintiff's medical condition. Defendant Babson College failed to effectively manage faculty and professor participation in the accommodation process and failed to provide, direction, support and guidance to faculty members regarding both their responsibilities and the rights of Plaintiff.

Defendant's failure to provide all possible reasonable accommodations through the period September 2016 - May 2017 directly contributed and resulted in Plaintiff's inability to reach the required minimum GPA.

### 3.   PLAINTIFF WILL SUFFER IRREPARABLE HARM IF INJUNCTIVE RELIEF IS NOT GRANTED AND DEFENDANTS WILL SUFFER NO IRREPARABLE HARM IF AN INJUNCTION IS GRANTED.

The Plaintiff will face immediate irreparable harm because "without the requested relief [she] may suffer loss of right that cannot be vindicated should [she] prevail after a full hearing on the merits." Healey v. Comm'r of Pub. Welfare, 414 Mass. 18, 27-28, (1992) (irreparable harm when the Department delayed child care)(citations omitted).

The harm facing the Plaintiff is extreme and irreparable. Without relief, he will not be able to complete his Masters of Business Administration as expected in 2017, will not be able to accept pending offers of employment, and will not be able to graduate as expected.

### 4.   CONCLUSION

For the foregoing reasons Plaintiff respectfully requests the entry of a preliminary injunction against Defendants to restore Plaintiff as a student in good standing.

Respectfully submitted,

Sebastiano Patane
By his attorney,

_____
**Cynthia E. MacCausland, Esq.**
BBO # 676990
Law Offices of Cynthia E. MacCausland
470 Washington Street
Norwood, MA 02062
Tel: 617.284.3804

Dated: 6/21/17

4/4

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

Norfolk, Division                                                Docket No.

SEBASTIANO PATANE

                      Plaintiff

        v.

BABSON COLLEGE,
WILL LAMB, DEAN OF GRADUATE SCHOOL

_____Defendants_____

**AFFIDAVIT OF PLAINTIFF IN SUPPORT OF COMPLAINT**

**AND MOTION FOR PRELIMINARY INJUNCTION**

I, Sebastiano Patane, swear and affirm the following under the pains and penalties of perjury,

1.  I am an individual residing in Norwood, Massachusetts.

2.  In August 2015 I enrolled as a candidate in the Blended Learning, MBA Program at Babson College.

3.  I remained enrolled in the program through May 2017.

4.  In May 2017 I was dismissed for failing to meet the minimum required 2.80 GPA.

5.  I suffer from Chronic Renal Disease.

6.  I have suffered from this condition since 2013.

7.  This condition requires hemodialysis treatment and medication.

8.  This condition results in many symptoms including fatigue, weakness, lack of concentration,

and unpredictable episodes of energy deficiency.

9. This condition and the associated symptoms make it difficult to attend classes and exams as scheduled.

10. In September 2016 I applied for accommodations under the Americans with Disabilities Act.

11. I was granted one accommodation to allow time and a half on scheduled exams and quizzes.

12. I was not granted any accommodations more specifically tailored to my medical condition.

13. I entered the Blended Learning, MBA Program at Babson College anticipating increased future earnings and career opportunities.

14. I anticipate graduating from the program in August 2017

15. I took on substantial student loans and debt in order to enroll in and complete the program.

16. I additionally gave up the ability to earn income during my enrollment in the program.

17. I anticipated I would earn a substantial salary upon the completion of this program and have the ability to re-pay this debt fairly quickly.

18. Dismissal from the program leaves me with substantial debt and no realistic opportunity to locate equivalent employment or salary opportunities.

19. Prior to being dismissed from the program I applied for and was accepted to an internship program that was scheduled to commence in June 2017.

20. This program would have provided valuable experience and professional networking opportunities.

21. The program would have provided an opportunity to build a business relationship with an important company and to possibility earn future career opportunities once I had completed my MBA.

22. In the Spring of 2017, prior to being dismissed from the program, I applied for and was provisionally accepted for a managerial executive position at a local company.

23. The position was scheduled to begin July 2017.

24. The salary for the position was to be $80,000/year plus bonuses and incentives.

25. After being dismissed from the program and being unable to complete my MBA I will likely lose this employment and financial opportunity.

26. In addition to the loss of this specific opportunity I will also not qualify for similar opportunities which would have been available to me had I been able to complete my MBA.

27. Having been dismissed from the MBA Program at Babson it would be difficult for me to apply for and be accepted into another, similar MBA program.

28. Additionally, my classes and credits would likely not transfer and I would be required to pay additional tuition.

29. Computing lost wages and expenses over my two year enrollment at Babson College includes lost wages ($100,000) + Tuition paid to Babson College ($90,000) + Additional Costs and Expenses for books, student loan interest and fees ($10,000).

30. Additional tuition and lost wages to complete an alternative MBA program could potentially result in additional $200,000 in tuition fees and lost wages.

31. My physician had previously recommended I began application to enroll in a kidney transplant list in early Spring 2017.

32. I delayed this process as I was anticipating completing my program and I worried I would be unable to manage the program if a kidney became available.

33. After being dismissed from the program I have been delayed in obtaining a place on the transplant list and likely will have lost a valuable opportunity to obtain a new kidney.

34. Since being dismissed from the program I have experienced a number of psychological symptoms including panic attacks, sleep disorder, and depression.

35. I have additionally developed agoraphobia, and have recent difficulty and anxiety relating to others.

36. I have developed a speech impediment.

37. My marriage has suffered. The stress, anxiety, new psychological symptoms have caused distress with my wife.


Signed under the pains and penalties of perjury,

Sebastiano Patane

Dated:

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

Norfolk, Division                                                           Docket No.

SEBASTIANO PATANE

            Plaintiff

    v.

BABSON COLLEGE,
WILL LAMB, DEAN OF GRADUATE SCHOOL

            Defendants

**COMPLAINT FOR VIOLATION OF THE AMERICAN WITH DISABILITIES ACT**

**(ADA), 42 U.S.C. § 12182, BREACH OF CONTRACT,**

**INTERFERENCE WITH CONTRACT AND BUSINESS ADVANTAGE, AND**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

*INTRODUCTION*

1.  This is a verified complaint for injunctive relief filed by a student at Babson College against the defendant college and certain administrators for due process and contractual violations due to defendants' arbitrary, unfair, wrongful and unlawful decision to dismiss the student in May 2017.

2.  Plaintiff was a candidate enrolled in the Babson College Masters in Business Administration, Blended Learning Program throughout the period August 2015 - May 2017.

*Plaintiff's Accommodations under the Americans with Disabilities Act (ADA)*

3.  Plaintiff suffers from advanced Chronic Renal Disease.

4.  Plaintiff has suffered from this medical condition since 2013.

5.  Plaintiff's medical condition requires hemodialysis therapy and medication treatment.

6.  Plaintiff's medical condition results in significant symptoms of fatigue, weakness, lack of concentration and unpredictable episodes of energy deficiency.

7.  Plaintiff's medical condition, associated symptoms, and side effects cause Plaintiff to be unable to endure exams as scheduled or withstand them within the prescribed time limits.

8.  Plaintiff struggled to complete his coursework and exams throughout the Fall 2015 and Spring 2016 semesters.

9.  Plaintiff applied for accommodations under the Americans with Disabilities Act (ADA) in September 2016.

10. Plaintiff received limited accommodations, additional time on exams and scheduled quizzes equal to time and a half, in September 2016.

11. Plaintiff was not granted accommodations relative to the timing or scheduling of exams.

12. Plaintiff was not granted accommodations relative to class attendance and participation.


*Plaintiff's Period of Academic Probation*

13. Plaintiff was placed on academic probation in January 2017.

14. The terms of academic probation required Plaintiff to make "satisfactory progress" towards a minimum 2.80 GPA required to complete the program.

15. The terms of academic probation provided Plaintiff's record would be reviewed at the mid-point of the Spring 2017 semester to determine if he was making "satisfactory progress" towards the required minimum GPA.

16. The terms of academic probation indicated Plaintiff would be dismissed from the program if he failed to earn a minimum 2.80 GPA "when his record was next reviewed."

17. The terms of academic probation did not acknowledge or address the progress Plaintiff had previously made to increase his GPA.

18. The terms of academic probation did not address Plaintiff's medical condition or associated accommodations.

19. The terms of academic probation did not address or connect Plaintiff's medical condition with his difficulty with coursework and exams priorate receiving accommodations under the ADA.

20. The terms of academic probation did not acknowledge or accept the likelihood and probability Plaintiff could have performed at a higher level during the Fall 2015 and Spring 2016 semesters if he had been provided with accommodations earlier in the program.

21. The terms of academic probation did not account for the limited period available for Plaintiff to raise his academic performance following receipt of accommodations under the ADA.


*Plaintiff's Performance on Academic Probation*

22. Plaintiff's GPA following the Fall 2016 semester was 2.68.

23. Plaintiff earned a GPA of 2.86 in the Spring 2017 semester.

24. Plaintiff's GPA following the Spring 2017 semester was 2.73.

*Plaintiff's Dismissal*

25. Plaintiff was dismissed following the Spring 2017 semester.

26. Plaintiff expected to complete the requirements for the program in the Fall 2017 semester.

27. Plaintiff was expecting to entertain multiple offers of employment following his completion of the degree program.

28. Plaintiff is currently unable to accept or proceed with multiple offers of employment as a result of his inability to complete the degree program.


*JURISDICTION AND VENUE*

29. This Court has jurisdiction over this civil action pursuant to Mass. Gen. Laws ch. 212 s. 4 because no other court has exclusive jurisdiction.

30. Venue is proper pursuant to Mass. Gen. Laws ch. 223 s. 1 as the Norfolk Division is the district where the defendant Babson College maintains its principle place of business, and where a substantial part of the events and omissions occurred giving rise to this action.

31. This Court is authorized to issue the injunctive relief requested by plaintiff under Rule 65 of the Federal Rules of Civil Procedure.


*PARTIES*

32. Plaintiff Sebastian Patane was at all times material to this complaint a student attending the Defendant Babson College. He currently resides in Norwood, Massachusetts.

33. Defendant BABSON COLLEGE ("the College") is a private co-educational college in Babson Park, Norfolk County, Massachusetts.

34. Defendant WILL LAMB is, and was at all times relevant herein, the Dean of Graduate

    School at the College; he is being sued in his individual capacity.


*STATEMENT OF FACTS*

*Graduate Student Handbook*

35. Defendant Babson College publishes a Graduate Student Handbook ("the Handbook")

    annually.

36. The Handbook provides students policies and guidelines as to the academic and financial

    policies of the College.

37. The Handbook was most recently updated on April 03, 2017.


*Grading System*

38. The Handbook provides the official grading system for the Graduate School of Business at

    Babson College.

39. The Handbook provides the official grades and their numerical values:

| A | 4.00 | B+ | 3.33 | C+ | 2.33 | F | 0.00 |
|---|------|-----|------|-----|------|---|------|
| A- | 3.67 | B | 3.00 | C | 2.00 | | |
| | | B- | 2.67 | C- | 1.67 | | |

*Required Minimum Grade point Average (GPA)*

40. The Handbook provides students must attain a minimum 2.800 cumulative grade point average (GPA) to be eligible for the MBA degree.

41. The Handbook provides students in the Blended Learning MBA Program must earn a minimum of 46 credits.

42. The Handbook provides MBA students who complete all course requirements with a GPA "slightly below" 2.80 will be permitted to take up to two additional courses to raise it.

*Dismissal for Failure to Maintain Minimum Required GPA*

43. The Handbook provides the Academic Standards Committee (ASC) reviews the standing of all students whose cumulative GPA is below 2.80 after each semester.

44. The Handbook provides the ASC may in its discretion dismiss or issue a warning to any student in these cases.

45. The Handbook provides students have the right to appeal the dismissal decision of the ASC, and will be given notice before the decision of dismissal is made.

46. The Handbook provides the ASC may also mandate that the student take more coursework during the elective portion of the program to prove proficiency in the areas where the faculty has determined the student has not mastered the core skills.

47. The Handbook provides the decision to dismiss a student can occur at any time if it is the consensus of the ASC in its discretion that continued study is not advisable.

48. Students have the right to appeal the dismissal decision of the ASC to the Graduate School Dean, whose decision is final.

*Accessibility Resources*

49. The Handbook provides the Office of Accessibility Resources works to ensure that

    individuals with learning, hearing, vision, mobility, medical, and psychiatric disabilities have

    access to all of the programs and activities that Babson College offers.

50. The Handbook provides the Office of Accessibility Resources provides reasonable

    accommodations to qualified students.

51. The Handbook provides students are responsible for identifying themselves to the office as a

    person seeking accommodations and providing appropriate clinical documentation  that

    support their requests in a timely manner.


*Grade Disputes*

52. The Handbook provides any requests for a review of a grade in any course must be presented

    to the faculty member by the last day of classes of the fall or spring semester immediately

    following the semester in which the grade was earned.

53. The Handbook provides the procedure to be followed in a grade dispute.

54. The Handbook provides the student should first contact the faculty member involved to

    discuss the matter.

55. The Handbook provides if the issue is not resolved, the student should then contact the

    respective division chair and file a written appeal explaining the student's position.

56. The Handbook provides if the issue remains unresolved, the student should then appeal to the

    associate dean, whose decision is final and not subject to appeal.

*2015 Fall Semester - Commencement of Studies at Babson College*

57. Plaintiff commenced the Blended Learning, MBA Program at Babson College in August 2015.

58. Plaintiff completed three courses and earned a cumulative GPA of 3.0 following the 2015 Fall semester.

59. Plaintiff suffered from his serious and chronic medical condition throughout the semester.

60. Plaintiff worked hard to balance the symptoms associated with his medical condition with his academic and course requirements.

61. Plaintiff did not notify his professors or other program faculty of his medical condition.

62. Plaintiff felt sensitive about sharing his very confidential medical condition in a new environment.

63. Plaintiff had never previously sought accommodations associated with his medical condition.

64. Plaintiff was not aware it would be possible to seek accommodations associated with his medical condition.

*2015 Fall Semester Coursework*

65. Plaintiff was a member of a group as part of the Blended Learning MBA Program at Babson College.

66. Plaintiff and several other of his classmates comprised a group that participated together in various courses required to complete the program.

67. The group struggled with various communication and scheduling issues throughout the 2015 Fall semester.

68. Plaintiff felt bullied and disrespected by other group members at various times throughout the 2015 Fall semester.

69. Plaintiff sought support and assistance from the course professor throughout the 2015 Fall semester.

70. The group worked successfully with their assigned professor to address and resolve their various issues in November 2015.

71. The group was able to successfully complete their required course assignments at the conclusion of the 2015 Fall semester.

*2016 Spring semester Strategy Course*

72. Plaintiff struggled to balance his medical condition with his academic requirements throughout the 2016 Spring semester.

73. Plaintiff's group was assigned to work together in a class titled "Strategy" in the 2016 Spring semester.

74. Conflict among the group began to escalate again in April 2016.

75. The group continued to experience difficulty with communication and scheduling.

76. On April 22, 2016 the group became aggressive towards Plaintiff.

77. The group members arranged to meet together before class.

78. Several of the group members expressed frustration towards Plaintiff and towards the group's limited progress towards completing a class assignment and presentation, which was due.

79. During the discussion several of the group members became aggressive towards Plaintiff, blaming Plaintiff for the group's late progress and telling Plaintiff he, "Could not speak!"

80. At the same time another group member threatened Plaintiff stating, "Stop speaking or I will tell you are being aggressive to the girls!."

81. Another group member sought intervention from campus security and Plaintiff was forced to undergo an interrogation and investigation as to his alleged aggressiveness.

82. Plaintiff was distraught and overwrought following this incident with his group members.

83. Plaintiff sought assistance from his course professor and requested to work alone for the remainder of the course.

84. Plaintiff received correspondence dated April 26, 2017 from his professor via email.

85. The correspondence provided Plaintiff could work alone for the two weeks remaining in the class.

86. Plaintiff was additionally directed to complete the final exam according to the course instructions.

87. Plaintiff followed his professors directions, completing the remainder of the course requirements and exam alone and without assistance from any of his classmates.

88. Plaintiff received an "F" in the course.

*Academic Probation Following the 2016 Spring Semester*

89. Plaintiff earned a GPA of 2.38 in the 2016 Spring semester.

90. Plaintiff received correspondence dated May 12, 2016 from Jessica Hose, Associate Director,
    Blended Learning Program, Babson College via email.

91. The correspondence indicated Plaintiff had received a grade of "F" in the course Strategy in
    the Spring 2016 semester.

92. The correspondence indicated the "F" would be calculated into Plaintiff's cumulative GPA.

93. Plaintiff received a second letter dated May 12, 2016 via email from Associate Dean Hose.

94. The correspondence indicated Plaintiff's cumulative GPA following the 2016 Spring
    semester was 2.61.

95. The correspondence indicated Plaintiff would be placed on academic probation.

96. The correspondence provided Plaintiff would need to earn at least a "B+" or better in each
    course the following semester to achieve the minimum GPA of 2.80.


*May 2016 Grade Dispute - Strategy Course Requirements and Syllabus*

97. Plaintiff sought to appeal the "F" received in his 2016 Spring semester Strategy course.

98. Plaintiff received a syllabus for the Strategy course.

99. The syllabus provided the final grade was 55% participation and 45% final group exam.

100. The syllabus provided three metrics for grading participation.

101. Students were expected to attend at least two of three WebEx Sessions.

102. Students were expected to engage in "active participation" on the class discussion board.

103. The syllabus defined "active participation" as at least two "meaningful posts" per week.

104. The syllabus provided students were expected to engage in active class discourse and group presentations during class.

*May 2016 Grade Dispute - Appeal to Strategy Professor Michael Cummings*

105. Plaintiff sent correspondence to his Strategy Professor Michael Cummings dated May 06, 2016 via email inquiring whether the "F"posted on his transcript was the intended grade.

106. Professor Cummings replied May 06, 2016 via email outlining Plaintiff's class discussion board posts, class performance, and exam.

107. Professor Cummings assigned Plaintiff 0% for his class participation and a "B" for his exam.

108. Plaintiff objected to the 0% assigned for participation given the difficult situation with his classmates.

109. Plaintiff additionally objected given his inability to participate because of illness related to his medical condition.

110. Plaintiff sent additional correspondence to Professor Cummings May 06, 2016 via email formally seeking to appeal his grade.

111. Professor Cummings relied May 06, 2016 via email denying Plaintiff's appeal and suggesting he move the dispute to the next stage.

112. Professor Cummings did not meet with Plaintiff prior to denying his grade dispute appeal.

113. Professor Cummings did not address Plaintiff's medical condition or accommodations relative to his class engagement and participation.

*May 2016 Grade Dispute - Appeal to Division Chair Keith Rollag*

114. Plaintiff sent correspondence dated May 10, 2016 to Professor Keith Rollag, Division Chair via email seeking to escalate his grade dispute.

115. Plaintiff emphasized his disagreement as to his allegedly poor class participation and engagement in class discussion.

116. Plaintiff additionally emphasized the difficulty with his group, including the bullying and threats of April 22, 2016.

117. Plaintiff also arranged to meet with Professor Rollag to discuss his appeal in person.

118. Plaintiff and Professor Rollag met in person May 18, 2016.

119. Plaintiff received correspondence dated May 23, 2016 from Professor Rollag via email.

120. Professor Rollag's correspondence concluded he saw no justification to change Plaintiff's grade.

121. Professor Rollag did not address Plaintiff's medical condition or accommodations relative to his class engagement and participation.


*May 2016 Grade Dispute - Appeal to Associate Dean Nan Langowitz*

122. Plaintiff sent correspondence dated May 24, 2016 to Associate Dean Nan Langowitz via email seeking to escalate his grade dispute.

123. Plaintiff's correspondence emphasized the conflict and bullying among his group members, and his resulting trauma and inability to complete the course material as anticipated.

124. Plaintiff received a reply denying his appeal request dated May 26, 2017 via email from Associate Dean Langowitz.

125. Professor Langowitz did not address Plaintiff's medical condition or accommodations

relative to his class engagement and participation.

*Plaintiff's Academic Performance Summer 2016 Semester*

126. Plaintiff earned a GPA of 2.14 in the 2016 Summer semester.

127. Plaintiff's cumulative GPA following the 2016 Summer semester was 2.43.

128. Plaintiff received correspondence dated August 30, 2016 from Jessica Hose, Associate

Director, Blended Learning Program, Babson College via email.

129. The correspondence indicated Plaintiff would be dismissed from the program at the

conclusion of 2016 Fall semester if his cumulative GPA remains below the required 2.80.

*Plaintiff Sought Accommodations under the ADA*

130. After struggling to balance his medical condition with his academic requirements for several

semesters and after having been placed on academic probation, Plaintiff sought to receive

accommodations under the ADA.

131. Plaintiff followed the required procedure for applying for reasonable accommodations

relative to his medical condition.

132. Plaintiff supplied documentation from his treating physician outlining both his medical

condition, related symptoms, and suggested accommodations.

133. Plaintiff was approved to receive limited accommodations via correspondence dated

September 21, 2016 received via email from Mary Powell, Director Learning Center,

Director of Accessibility Resources, Graduate School of Business, Babson College.

134. Plaintiff was granted accommodations to receive 1.5 time on scheduled quizzes and exams.

135. Plaintiff was not granted accommodations as to the scheduling or timing of scheduled

quizzes and exams.

136. Plaintiff was not granted accommodations as to class engagement, attendance or

participation.

137. Plaintiff's academic performance improved after receiving accommodations.

138. Plaintiff earned a GPA of 3.25 in the 2016 Fall semester.

139. Plaintiff's cumulative GPA following the 2016 Fall semester was 2.68.


*January 2017 Dismissal and Appeal*

140. Plaintiff received correspondence dated January 04, 2016 via email from Jessica Hose,

Associate Director, Blended Learning MBA Program, Babson College.

141. The correspondence provided the Academic Standards Committee had reviewed Plaintiff's

academic record and determined Plaintiff's cumulative GPA of 2.68 was below the minimum

required GPA of 2.80.

142. The correspondence provided Plaintiff would be dismissed from the program.

143. The correspondence provided and described an option to appeal the dismissal.

144. Plaintiff received additional correspondence dated January 05, 2017 via email from

Associate Director Hose.

145. The correspondence provided the process for appeal waste write a letter to the Academic

Standards Committee outlining Plaintiff's desire to remain in the program, commitment to

improving his GPA, and his plan for doing so.

15/24

*January 2017 Reinstatement and Academic Probation*

146. Plaintiff's Appeal and Request for Reinstatement were approved January 06, 2016.

147. Plaintiff received correspondence dated January 06, 2016 via email from Defendant William Lamb, Dean Graduate School of Business.

148. Defendant Lamb's correspondence provided Plaintiff would be reinstated subject to several conditions.

149. Plaintiff would remain on Academic Probation.

150. Plaintiff would be required to complete MBA 7401 with a grade of B+ or better.

151. Defendant Lamb's correspondence provided Plaintiff's record would be reviewed again at the mid-point of the Spring 2017 semester to determine if he had made satisfactory progress towards the minimum 2.80 GPA required.

152. Defendant Lamb's correspondence provided Plaintiff would be dismissed if he had not met the minimum required GPA when his record was next reviewed.

153. Defendant Lamb's correspondence indicated there would be no further option for appeal.


*GPA Following Fall 2016 Semester*

154. Plaintiff earned a GPA of 3.25 in the Fall 2016 semester.

155. Plaintiff's cumulative GPA following the Fall 2016 semester was 2.68.


*May 2017 Dismissal*

156. Plaintiff received correspondence dated May 18, 2017 via email from Defendant Lamb.

157. Defendant Lamb's correspondence indicated the Academic Standards Committee had reviewed Plaintiff's academic record at the conclusion of the Fall 2016 semester and found he had failed to achieve satisfactory academic performance following three semesters on academic probation.

158. Defendant Lamb's correspondence indicated the Academic Standards Committee had again reviewed Plaintiff's record and Plaintiff's cumulative GPA at the conclusion of the Spring 2017 semester was 2.73, which falls below the minimum 2.80 GPA policy of satisfactory academic performance.

159. Defendant Lamb's correspondence provided Plaintiff would be dismissed from the program.


*CLAIMS FOR RELIEF*

*Count 1 - Breach of Contract by Babson College*

160. Plaintiff hereby re alleges and incorporates herein all the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

161. Defendant Babson College's Handbook specifies policies and guidelines as to the academic and financial policies of the College so that the students could be fully informed as to expectations, consequences, and potential resolutions related to their academic performance.

162. The Handbook also specifies how action as to academic performance should be taken, and what rights any student should have if they were accused of not meeting standards.

163. The Handbook is a contract between students and the college.

164. By entering into and matriculating into the college, Plaintiff became contractually obligated to follow the rules and regulations set forth in the Handbook.

165. Likewise the college, its agents and employees were contractually bound to honor the rules and regulations stated the Handbook.

166. Any appeal on any alleged violation was also contractually obligated to occur substantially in the manner promised in the Handbook.

167. Plaintiff was not provided an appeal process to his May 2017 dismissal, despite the promise and guarantee of such an appeal in the Handbook.

168. There would have been no prejudice to the college or its agents to allow Plaintiff an opportunity to Appeal his May 2017 dismissal.

169. The refusal of Defendants to provide Plaintiff with a process for appeal violates principals of justice, fairness and reasonableness.

170. Defendant's May 2017 dismissal of Plaintiff failed to acknowledge Plaintiff's improved academic performance since receiving accommodations.

171. Defendant's May 2017 dismissal of Plaintiff failed to acknowledge Plaintiff was only .7 points from meeting the minimum required GPA.

172. Defendant's May 2017 dismissal of Plaintiff failed to acknowledge Plaintiff still had a semester to meet and obtain the minimum required GPA prior to his expected graduation date.

173. Defendant's May 2017 dismissal of Plaintiff failed to acknowledge the possibility of Plaintiff enrolling in additional electives to raise his GPA to the minimum required.

174. Defendant's May 2017 dismissal of Plaintiff failed to acknowledge the alternate possibilities that Plaintiff could have benefited from a voluntary leave of absence for medical or personal reasons.

175. Defendant's May 2017 dismissal of Plaintiff failed to address Plaintiff's serious medical condition and accommodations granted under the ADA.

176. Defendant's May 2017 dismissal of Plaintiff failed to acknowledge how additional accommodations, including flexibility as to the timing or scheduling of quizzes and exams and/or flexibility as to Plaintiff's engagement and attendance in course lectures may have affected his GPA.

177. Defendant's May 2017 dismissal of Plaintiff failed to provide written findings.

178. Defendant's May 2017 dismissal of Plaintiff failed to address Plaintiff's efforts to improve his GPA, including seeking accommodations, obtaining support from his professors, or planning with his advisors.

179. This breach of contract caused Plaintiff injury, damage, and loss of income all in the manner and to the extent as will be shown at trial.


**Count II - Interference with Contract and Business Advantage**

180. Plaintiff hereby re alleges and reincorporates herein all allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

181. Plaintiff had valuable contract rights found in the Handbook which have been alleged in detail above. Defendant Lamb well knew of those rights.

182. By his actions described above, Defendant Lamb intentionally and without just cause induced the college personnel responsible for honoring those rights to breach them, thus denying Plaintiff his valuable rights that had been promised to him.

19/24

183. Defendant Lamb's May 17, 2017 correspondence to Plaintiff made no attempt to describe or explain the failure to provide for an appeal process as promised and guaranteed in the Handbook.

184. Defendant Lamb's May 17, 2017 correspondence to Plaintiff made no attempt to address any less damaging or prejudicial potential alternative to dismissal.

185. Defendant Lamb's May 17, 2017 correspondence to Plaintiff made no attempt to explain why his improved academic performance was not considered prior to dismissal.

186. Defendant Lamb's May 17, 2017 correspondence to Plaintiff made to attempt to recognize how provision of accommodations had resulted in Plaintiff's increased academic performance.

187. Defendant Lamb's May 17, 2017 correspondence to Plaintiff made no attempt to address how the provision of additional accommodations may have resulted in Plaintiff's increased academic performance.

188. At the time Defendants acted in the manner described above, they well knew that they were interfering with Plaintiff's contract rights as secured by the Handbook and that Plaintiff had earned and had the promise of enjoyment of many valuable and professionally advantageous relationships within the community. They were well aware dismissal so close to Plaintiff's anticipated graduation would destroy those relations.

189. The conduct described above was the clear use of improper motives and means to accomplish the interference by these Defendants with Plaintiff's contractual rights secured by the Handbook and advantageous relations secured by Plaintiff in the professional community.

20/24

190. This interference with contract rights and advantageous business relations and prospective business advantage caused Plaintiff injury, damage, and loss of income all in the manner and extent to be shown at trial.

*Count III - Negligent Infliction of Emotional Distress*

191. Plaintiff hereby re alleges and incorporates herein all allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

192. Defendant's conduct as described above caused and continues to cause serious and injurious emotional distress to Plaintiff.

193. Plaintiff has worked his entire academic life to achieve academic excellence investing substantial time to the pursuit of a distinguished academic record such as would allow him the honors and employability of a successful professional career.

194. All of this effort and achievement became the core of Plaintiff's life and identity. It is what he had constantly sought and justifiably earned. By the unfair and unlawful manner by which all of the Defendants have completed ruined the hard-earned accomplishments of Plaintiff, they have caused him painful, extreme, and continuing emotional distress.

195. The effects, daily, are a combination of embarrassment, shame, anger, helplessness, worry about his future, and frustration of the present unfairly imposed obstacle to obtaining a place in the workforce.

196. This conduct described above caused Plaintiff injury, damage, and loss of income all in the manner and extent as will be shown at trial.

*Count IV - Violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182*

197. Plaintiff hereby re alleges and incorporates herein all allegations contained in the foregoing

    paragraphs of this complaint as if fully set forth herein.

198. The Americans with Disabilities Act (ADA), 42 U.S.C. § 12182 (a) provides, "No

    individual shall be discriminated against on the basis of disability in the full and equal

    enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of

    any place of public accommodation by any person who owns, leases (or leases to), or

    operates a place of public accommodation."

199. The Americans with Disabilities Act (ADA), 42 U.S.C. § 12182 (b) (1) (A) (ii) provides, "It

    shall be discriminatory to afford an individual or class of individuals, on the basis of a

    disability or disabilities of such individual or class, directly, or through contractual,

    licensing, or other arrangements with the opportunity to participate in or benefit from a good,

    service, facility, privilege, advantage, or accommodation that is not equal to that afforded to

    other individuals."

200. Case law provides higher educational institutions are obligated to consider whether a

    student is disabled and could be reasonably accommodated.

201. Defendant was fully aware of Plaintiff's medical condition and suggested accommodations.

202. Defendant willfully ignored the suggestion of Plaintiff's physician to provide flexibility as

    to the scheduling and timing of exams.

203. Defendant failed to investigate or consider additional accommodations based on

    documentation provided by Plaintiff along with Plaintiff's difficulty in maintaining class

    participation, engagement, and attendance.

204. Defendant failed to take reasonable and appropriate actions to accommodate Plaintiff despite knowledge and recognition of Plaintiff's medical condition.

205. Defendant Babson College failed to effectively manage faculty and professor participation in the accommodation process and failed to provide, direction, support and guidance to faculty members regarding both their responsibilities and the rights of Plaintiff.

206. Defendant Babson College failed to address faculty and professor bias against Plaintiff following the April 2016 bullying and threat incident and failed to balance such bias against Plaintiff's medical condition and granted accommodations.

207. Defendant Babson College failed to address Plaintiff's medical condition and need for accommodations throughout Plaintiff's grade dispute process.

208. Defendant Babson College failed to address how Plaintiff's level of participation and engagement in class may have been affected by his medical condition.

209. Defendants violated the Americans with Disabilities Act by failing to grant and fully implement reasonable accommodations as recommended by Plaintiff's physician.

210. Defendant's failure to provide all possible reasonable accommodations through the period September 2016 - May 2017 directly contributed and resulted in Plaintiff's inability to reach the required minimum GPA.

*PRAYER FOR RELIEF*

A.  Issue an injunction enjoining Defendants, Defendant's agents, employees and all persons in active concert or participation with them, from violating Plaintiff's constitutional rights by immediately reinstating Plaintiff to the Blended Learning, MBA Program

B.  Retain jurisdiction of the matter for purpose of enforcing this Court's order.

C.  Award Plaintiff compensatory damages in an amount to be determined at trial.

D.  Award Plaintiff the reasonable costs and expenses of this action, including attorney's fees.

E.  Grant such other and further relief as this Court deems equitable and just under the circumstances

*******************

PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,

Sebastiano Patene
By his attorney,

**Cynthia E. MacCausland, Esq.**
BBO # 676990
Law Offices of Cynthia E. MacCausland
470 Washington Street
Norwood, MA 02062
Tel: 617.284.3804

Dated: 4/21/17

24/24